NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7075

ESTEBAN LANZO, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Esteban Lanzo, Jr., of Loiza, Puerto Rico, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7075

ESTEBAN LANZO, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3586, Judge Lawrence B. Hagel.

_____

DECIDED: July 11, 2008

_____

Before LOURIE, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Esteban Lanzo, Jr., seeks review of a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") denying his claim for service connection for an injury to his right foot. Because Mr. Lanzo raises no issue within this court's scope of review, we <u>dismiss</u> the appeal for lack of jurisdiction.

BACKGROUND

Mr. Lanzo served in the U.S. Army from October 1979 to November 1982. In 1988 he underwent surgery to remove an exostosis—a benign bony growth—on his right foot. Mr. Lanzo filed a claim for service connection for the disability that led to the surgery. With his claim for service connection, he filed a report stating that in 1982, while he was on active duty, a road wheel from a tank fell on his foot while he was attempting to change it. No report of the injury, however, was shown in his service medical records. His claim was therefore denied by the regional office in 1989 and the Board of Veterans' Appeals in 1991.

In the 1990s Mr. Lanzo attempted to reopen his claim by submitting affidavits from two private physicians and lay affidavits from family members and a neighbor. In 2000, following his appeal of an adverse decision by the regional office, the Board of Veterans' Appeals reopened his claim and remanded it to the regional office for further proceedings. On remand, the regional office again denied the claim. In 2003 the Board remanded Mr. Lanzo's claim once again, this time for a medical examination. The medical examiner concluded that the condition of Mr. Lanzo's right foot was not related to the injury he sustained in 1982. Relying on the examiner's conclusion, the Board in 2005 upheld the denial of Mr. Lanzo's claim based on the lack of a nexus between his current condition and the injury he sustained to his right foot while he was on active duty. In its opinion the Board stated that it gave little weight to the first private physician's opinion that Mr. Lanzo's foot injury was service connected because the opinion merely stated the physician's conclusion and did not provide any reasons or evidence in support of that conclusion. Likewise, the Board found the second

physician's opinion insufficient to support Mr. Lanzo's claim because it was based entirely on Mr. Lanzo's recitation of the history of his injury, and because the physician had recommended that Mr. Lanzo obtain an opinion from an orthopedist. The Board further explained that the lay affidavits from Mr. Lanzo's family members did not provide any added support for Mr. Lanzo's claim because none of the family members were present when the injury occurred and their knowledge of the accident was based only on Mr. Lanzo's reports.

On appeal to the Veterans Court, Mr. Lanzo raised two arguments. First, he argued that the Board's reliance on the 2004 examination by a Department of Veterans Affairs medical examiner was improper because the examiner's report inaccurately described how his in-service foot injury occurred, stating that "he fell on his right foot." The court rejected that argument because the report later showed that the examiner understood that Mr. Lanzo's assertion was that the injury occurred as the result of a wheel falling on his right foot. Second, Mr. Lanzo argued that the Board did not adequately explain its reasons for discounting the lay affidavits. The court rejected that argument because the Board had stated that it found those affidavits insufficient to establish a nexus between his alleged in-service injury and his disability.

Mr. Lanzo now appeals from the decision of the Veterans Court.

DISCUSSION

The Veterans Court addressed each of Mr. Lanzo's arguments and found no clear error in the Board's conclusion that the record showed "a lack of credible medical evidence of a nexus between the injury and [Mr. Lanzo's] disability." To the extent that Mr. Lanzo requests that we reweigh the evidence before the Board, we may not do so

under this court's limited scope of review of decisions of the Veterans Court. See 38 U.S.C § 7292(d)(2)(B).

Mr. Lanzo argues that the Veterans Court misunderstood that his claim for service connection was based on an injury to his right foot and not to his left foot. Presumably, that argument is directed to the court's statement that the examiner "noted the in-service treatment of his right foot for multiple corns and both feet for a fungus infection." Mr. Lanzo states that he has never had a fungus infection on his left foot and that his left foot, not his right foot, has corns. Even if the examiner's statement misidentified Mr. Lanzo's feet, that error is purely factual, and we have no jurisdiction to review challenges to factual determinations. 38 U.S.C § 7292(d)(2)(A). In any event, Mr. Lanzo's argument does not address the Veterans Court's and the Board's reliance on the examiner's conclusion that the present condition of Mr. Lanzo's right foot was not related to his 1982 injury.

Because Mr. Lanzo's appeal presents no issue within this court's jurisdiction to review, the appeal is dismissed.